[PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 21-10978

_____

ANTHONY CAMPBELL,
professionally known as Rackboy Cam,

                                                                       Plaintiff-Appellee,

*versus*

RAYSHAWN LAMA BENNETT,
professionally known as YFN Lucci, et al.,

                                                                       Defendants,

JUNE JAMES,

                                                                       Defendant-Appellant.

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 2 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 2 of 18

21-10978                Opinion of the Court                2

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-01064-CAP

_____

Before WILSON, BRANCH, and LAGOA, Circuit Judges.

BRANCH, Circuit Judge:

In 2015, Plaintiff Anthony Campbell wrote and recorded a song "Everything Be Lit," which he later copyrighted. Then, in 2018, Campbell filed suit against June James, Rakim Allen, Rayshawn Bennett, and Think It's a Game Records (TIG) for copyright infringement based on Bennett's recording and release of a similar song "Everyday We Lit." James and Allen failed to respond to the initial complaint and the district court entered a default against them. Campbell later filed an amended complaint, requesting among other forms of relief, actual profits, jointly and severally, from the defendants. The district court ultimately entered a default judgment against James and Allen, awarding over $1 million in profits, jointly and severally, prejudgment interest, a permanent injunction, a perpetual 50% running royalty against future infringement, and costs to Campbell.

James raises several issues on appeal, including that the district court erred in using Campbell's amended complaint as the basis for the default judgment because the amended complaint

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 3 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 3 of 18

21-10978                Opinion of the Court                  3

stated a new claim for relief, and Campbell failed to serve the amended complaint on James as required by the Federal Rules of Civil Procedure. We agree that the amended complaint stated a new claim for relief, and therefore, the district court erred in concluding that Campbell did not have to serve the amended complaint on James.[1] Accordingly, we vacate the default judgment and remand for further proceedings.

## I.   Background

In April 2015, Campbell wrote, recorded, and released the song "Everything Be Lit," which he included in an album he released. In February 2017, he registered a copyright of the recording with the United States Copyright Office. Before the release of his album and his copyright registration, Campbell uploaded his recording of "Everything Be Lit" to various websites, the song was played on some radio stations, and he performed the song in various cities. Notably, on one occasion, defendant Allen joined Campbell onstage for a performance of the song.

Then in December 2016, defendant Bennett, a music artist with TIG, released the single "Everyday We Lit," and included it in a subsequent, very successful album. According to Campbell, "Everyday We Lit" had "striking similarities" to "Everything Be Lit," and Campbell contacted TIG about the similarities. A

---

[1] Because we agree that, under the circumstances, the district court erred in relying on the amended complaint as the basis for the default judgment, we do not reach Campbell's other issues on appeal.

representative of TIG acknowledged that the songs sounded similar, but TIG continued to distribute "Everyday We Lit."

Campbell then filed suit for copyright infringement under 17 U.S.C. §§ 106 and 501. In his initial complaint, Campbell alleged that Bennett and Allen "jointly came up with [the] song 'Everyday We Lit'" and that James "is credited as the producer of 'Every Day We Lit'" and "as the creator of the music." He also alleged that James "is a producer and musician signed to [TIG]." Campbell requested "an award of . . . actual damages, trebled, as well as all profits Defendants derived from infringing the Plaintiff's Copyright in the Work," statutory damages, and injunctive relief.

Defendants James and Allen did not answer the initial complaint. On June 8, 2018, Campbell moved for entry of a default against James. The Clerk entered a default against James on June 12, 2018.

Thereafter, on July 6, 2018, Campbell filed an amended complaint, requesting for the first time an award of actual damages in the form of "all profits Defendants derived, jointly and severally," from the infringing work. Campbell also omitted his request for statutory damages. James and Allen did not respond. Campbell ultimately settled with the other defendants, and they were dismissed from the action.

In February 2019, James moved to set aside the default, arguing that he was not properly served with the initial complaint, and that he established good cause to set aside default. The district

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 5 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 5 of 18

court denied James's motion to set aside the default, concluding that he was properly served with the initial complaint and that he had not established good cause for setting aside the default.[2] Importantly, the district court concluded that, because James defaulted prior to the filing of the amended complaint, the amended complaint—which did "not allege or request new or additional relief from Allen and James"—was not required to be served on him under Federal Rule of Civil Procedure 5.

Campbell moved for entry of a default judgment against James and Allen "jointly and severally" and requested an award of actual damages in the form of profits with prejudgment interest, injunctive relief, and a running royalty of 50%. James opposed the motion, arguing that he had not been properly served with the amended complaint, which requested for the first time "joint and several liability" against James. James maintained that because the amended complaint contained a new form of relief, it had to be served on James under Rule 5, and it was not.

The district court construed James's response as a second request to set aside the June 2018 default and denied it, stating that it stood by its earlier decision and reasoning that Rule 5 did not apply. The district court further reasoned that Campbell's request was not a new claim for purposes of Rule 5 because James was on

---

[2] James acknowledges that he is not challenging the district court's determination that he was properly served with the initial complaint or the district court's denial of his motion to set aside the default.

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 6 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 6 of 18

21-10978                Opinion of the Court                6

notice of the possibility that he could face joint and several liability given that the copyright statute authorizes such relief for statutory damages under 17 U.S.C. § 504(c).

Following a hearing on damages, the district court determined that James and Allen were partners and were jointly and severally liable for $1,447,720 in profits. The district court also awarded Campbell prejudgment interest, a permanent injunction, a perpetual 50% running royalty, and costs in the amount of $4,578.62. James appealed.[3]

## II. Discussion

James argues that the amended complaint contained a new claim for relief—joint and several liability for profits—and therefore the amended complaint needed to be served on him under Federal Rule of Civil Procedure 5. Accordingly, he argues that the district court erred in concluding that service of the amended complaint was not required and in basing the default judgment on the amended complaint.[4]

---

[3] Allen is not a party to this appeal.

[4] "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Therefore, James argues that the district court erred in relying on the amended complaint as the basis for the default judgment because in the amended complaint Campbell, for the first time, demanded joint and several liability for profits, which was outside the scope of the relief requested in the initial complaint.

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 7 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 7 of 18

21-10978                Opinion of the Court                7

Generally, a pleading filed after the initial complaint must be served on the defendants. Fed. R. Civ. P. 5(a)(1)(B). However, service of a pleading filed after the initial complaint is not required on a party who is in default for failing to appear. *Id.* Rule 5(a)(2). "But a pleading that asserts a new claim for relief against such a party must be served on that party . . . ." *Id.*

We addressed Rule 5's reference to a "new claim for relief" in *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365 (11th Cir. 1982). In that case, the amended complaint contained a claim for attorney's fees that was not present in the initial complaint, and the plaintiff did not serve the amended complaint on the defaulted defendant. *Id.* at 1367–68. In determining whether service of the amended complaint on the defaulted party was required under Rule 5, we explained that if the statute under which the plaintiff was seeking relief authorized a claim for attorney's fees, then it was not a new claim for purposes of Rule 5 because the parties should have known that they could have been liable for such fees. *Id.* at 1368–69. But if such fees were not authorized by the statute, then the fee claim was a new claim for relief of which the defaulting party was entitled to proper notice. *Id.* We concluded that because such fees were not authorized by statute, the claim for attorney's fees in the amended complaint was a new claim for relief, and Rule 5 required that the amended complaint be served on the defaulted party. *Id.* at 1369. In other words, our holding in that case established that, under Rule 5, service of an amended complaint on a defaulted party is

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 8 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 8 of 18

21-10978                Opinion of the Court                8

required if it contains a new claim for relief of which the defendant would not be on notice of via the allegations in the original complaint or the statutes charged therein.

Here, the district court determined that the amended complaint did not contain a new claim, reasoning that:

> the amended complaint is virtually identical to the original complaint. It asserts no further allegations against Allen and James and seeks no further relief than that of the original complaint. And Allen and James already defaulted before the amended complaint was filed. Accordingly, the court finds that Rule 5 applies such that plaintiff was not required to serve them with the amended complaint. And because the amended complaint does not allege or request new or additional relief from Allen and James, entering a default judgment does not provide the plaintiff with more or a different kind of relief than that requested in the original complaint.

Relying on our decision in *Varnes*, the district court further reasoned that Campbell's claim for joint and several liability was not a new claim for purposes of Rule 5 because James was on notice of the possibility that he could face joint and several liability because the copyright statute authorizes joint and several liability for statutory damages. The district court erred in so holding.

A copyright owner may recover actual damages suffered as well as any profits made by the defendant that result from the infringement, or, in the alternative, statutory damages. *See* 17

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 9 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 9 of 18

21-10978               Opinion of the Court                9

U.S.C. § 504(a)–(c); *see also Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1283 (11th Cir. 2015) (explaining that a plaintiff must elect between actual and statutory damages and may not recover both). The Copyright Act provides expressly for the possibility of joint and several liability for statutory damages. *See* 17 U.S.C. § 504(c).[5] In contrast, § 504(b), which provides for actual damages and profits, says nothing about the possibility of joint and several liability.[6] *Id.* § 504(b). Thus, the Copyright Act put James

---

[5] Section 504(c) of the Copyright Act provides that

> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c).

[6] Section 504(b) provides:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 10 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 10 of 18

21-10978                Opinion of the Court                10

on notice that he could be subject to joint and several liability, but only as to statutory damages. *Id.* § 504(c). James had no notice that joint and several liability was possible under the Copyright Act as to actual damages and profits.

Campbell did not request joint and several liability as to actual damages and profits in his initial complaint. Instead, he requested this relief for the first time in the amended complaint. And contrary to the district court's conclusion, the Copyright Act did not put James on notice that he could be subject to joint and several liability for actual damages and profits. Thus, Campbell's claim for actual damages plus profits, jointly and severally, constituted a new claim for relief. *Varnes*, 674 F.2d at 1368–69. Therefore, under Rule 5, the amended complaint needed to be served on James even though he was in default. Consequently, the amended complaint could not serve as the basis for the default judgment if it was not served, and the district court did not address whether the amended complaint was properly served.[7]

---

      deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

17 U.S.C. § 504(b).

[7] Although Campbell asserts that he served the amended complaint on James and James disputes such service, the district court did not address Campbell's allegations of service because it concluded, albeit erroneously, that service of the amended complaint was not required. The district court may consider the parties' arguments related to service on remand.

21-10978               Opinion of the Court                    11

Accordingly, we vacate the default judgment and remand for further proceedings.

**VACATED AND REMANDED.**

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 12 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 12 of 18

21-10978                Lagoa, J., Concurring                1

LAGOA, Circuit Judge, concurring:

I concur in full with the majority opinion. I write separately to discuss three issues raised by James on appeal that warrant consideration by the district court on remand: (1) the four-factor test for a permanent injunction; (2) awarding both a permanent injunction and a running royalty; and (3) Federal Rule of Civil Procedure 54(c)'s limitation for default judgments. These three issues are addressed in turn.

## I.    Four-Factor Test for a Permanent Injunction

Under 17 U.S.C. § 502(a) "[a]ny court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." But the Supreme Court "has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392–93 (2006) (citing cases). Therefore, the traditional four-factor test that governs injunctive relief—i.e., "(1) that the plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction"—applies to an injunction for copyright infringement. *Broad. Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254,

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 13 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 13 of 18

21-10978                Lagoa, J., Concurring                2

1261 (11th Cir. 2014) (quoting *eBay*, 547 U.S. at 391) (alterations omitted). And the Supreme Court has cautioned that, in applying this four-factor test, "traditional equitable principles do not permit such broad classifications." *eBay*, 547 U.S. at 393.

There are two takeaways from *eBay* and its progeny that may be relevant on remand.

First, the district court should apply the traditional four-factor test in determining whether to award a permanent injunction. Below, the district court failed to consider whether Campbell had an adequate remedy at law. On remand, the district court should consider that factor along with the other "traditional equitable considerations" for injunctive relief. *Id.* at 391, 393–94; see *Broad. Music,* 772 F.3d at 1261.

Second, the district court should avoid making "broad classifications" in applying the four-factor test for a permanent injunction. *eBay*, 547 U.S. at 393. Below, the district court held that because "copyright infringement is presumed to give rise to irreparable injury," Campbell met his burden for establishing irreparable injury. This Court has declined "to decide whether . . . a presumption of irreparable injury" conflicts with the Supreme Court's decision in *eBay*. See *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1228 (11th Cir. 2008). And this Court has noted that "the particular circumstances of the instant case" may "bear substantial parallels to previous cases such that a presumption of irreparable injury is an appropriate exercise of . . . discretion in light of the historical traditions." *Id.* (citing *eBay*, 547

Case 1:18-cv-01064-CAP   Document 148   Filed 09/07/22   Page 14 of 20
USCA11 Case: 21-10978   Date Filed: 09/07/2022   Page: 14 of 18

21-10978                Lagoa, J., Concurring                3

U.S. at 394–97 (concurring opinions of Chief Justice Roberts and Justice Kennedy, representing the views of seven Justices)).

In presuming irreparable harm below, however, the district court did not consider whether a presumption of irreparable injury is appropriate based on the particular circumstances of this case and, instead, found that irreparable injury categorically occurs in all copyright infringement cases. *Contra eBay*, 547 U.S. at 393 ("[T]raditional equitable principles do not permit . . . broad classifications."). Assuming, without suggesting, that courts may presume irreparable injury in copyright infringement cases post-*eBay*, on remand the district court should, at least, consider whether that presumption applies, or can be rebutted, given the particular circumstances of this case.

## II.     Permanent Injunction and Running Royalty

This Court has not addressed whether courts may award a running royalty as equitable relief for copyright infringement. But some of our sister circuits have recognized that "a district court may impose a running royalty to remedy possible future infringement." *TD Bank N.A. v. Hill*, 928 F.3d 259, 282 (3d Cir. 2019); *see Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1314 (Fed. Cir. 2007). In so doing, however, our sister circuits have stated that a running royalty may be awarded "[a]s a *condition of denying* a permanent injunction." *TD Bank*, 928 F.3d at 282 (emphasis added); *see also Paice*, 504 F.3d at 1314 ("Under some circumstances, awarding an ongoing royalty for patent infringement in lieu of an injunction may be appropriate."); *see also*

21-10978                Lagoa, J., Concurring                4

4 Nimmer on Copyright § 14.06(D) (2022) ("[C]ourts may decline to issue a permanent injunction and instead mandate an ongoing royalty payment.").

I find these authorities persuasive. If an infringer is permanently enjoined from infringing a copyright in the future—and can be held in civil contempt for violating that permanent injunction, see *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("Civil . . . contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance")—the need to also award a running royalty to compensate the copyright holder for future infringements by the infringer is often diminished or nonexistent. This is not to say that there may not be certain circumstances when both a permanent injunction and a running royalty may be appropriate. For example, in an age of digital distribution, once an infringing work is made available online it might be impossible to enjoin the infringer in a manner that prevents all forms of future distribution (although a court can prevent the infringer from being the party that does the distributing). If distribution continues to occur, without any action by the infringer, and the infringer continues to obtain royalties from that infringement, a running royalty in addition to a permanent injunction may be the only complete relief—i.e., the permanent injunction prevents the infringer from infringing the copyright, but the running royalty compensates the copyright holder when the infringer nevertheless continues to passively profit from the infringing work.

21-10978               Lagoa, J., Concurring                5

Below, the district court awarded both a permanent injunction and a running royalty. In so doing, the district court reasoned that the permanent injunction would not apply to Think It's A Game Records, Inc.—a record company that had reached a settlement with Campbell—and that the permanent injunction, alone, was an insufficient remedy because "the infringing work will continue to be disseminated." Notwithstanding that "persons who are in active concert or participation" with an enjoined party may be bound by an injunction if they receive "actual notice . . . by personal service or otherwise," Fed. R. Civ. P. 65(d)(2), the district court should not have awarded a running royalty against James based on the likelihood that a company that settled with Campbell may continue to disseminate Campbell's song. On remand—if equitable relief is warranted, Campbell can meet the applicable burdens, and neither form of relief is barred by Federal Rule of Civil Procedure 54(c)—I believe the district court should award either a permanent injunction or a running royalty, but not both, at least based on the district court's stated rationale for awarding both remedies.[1]

---

[1] If the district court determines that a running royalty is warranted, the district court should "provid[e] the parties with an opportunity to negotiate a [running royalty] rate privately," before awarding a specific running royalty rate. *TD Bank*, 928 F.3d at 282; *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1377 (Fed. Cir. 2017) ("If the court determines that a conduct-barring injunction is not warranted, it may instruct the parties to try to negotiate an ongoing royalty and, if the parties cannot agree, award a royalty.").

21-10978                Lagoa, J., Concurring                6

### III.  Limitation for Default Judgments

Under Federal Rule of Civil Procedure 54(c) "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." By its plain language, Rule 54(c) thereby limits a district court's discretion, in a default judgment, to award all forms of relief that a party may otherwise be entitled to, by prohibiting the court from awarding remedies that "differ in kind from, or exceed in amount," the remedies "demanded in the pleadings." *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975)[2] ("Rule 54(c) . . . has been construed liberally and under it the demand for relief in the pleadings does not limit, *except in cases of default*, the relief a court may grant when entering judgment." (emphasis added)); *see also In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1283 (11th Cir. 2021) ("In interpreting a federal rule, we examine its text and give effect to its plain meaning.").

Below, the district court rejected James's argument that Campbell's motion for default judgment requested forms of relief that were not demanded in Campbell's pleadings, including prejudgment interest. For the reasons stated in the majority opinion, the remedies the district court awarded to Campbell will be vacated and this case will be remanded to the district court. But

---

[2] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in our Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

21-10978				Lagoa, J., Concurring				7

in addition to the other issues discussed in this concurrence, the district court should be mindful of Rule 54(c)'s limitation on awarding remedies beyond "what [Campbell] demanded in [his] pleadings" in a default judgment. *See, e.g.*, *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) ("Silge could easily have drafted a complaint that included a distinct claim for 'pre-judgment interest' in the demand clause. By operation of Rule 54(c), his failure to do so, intentional or not, ran the risk that his damages would be limited in the event of default.").

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 07, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-10978-HH
Case Style: Anthony Campbell v. June James
District Court Docket No: 1:18-cv-01064-CAP

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against appellee</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at <u>www.ca11.uscourts.gov.</u>

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Christopher Bergquist, HH</u> at <u>404-335-6169</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs