UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTHONY CAMPBELL, p/k/a "RACKBOY CAM"<br><br>Plaintiff,<br><br>v.<br><br>RAYSHAWN LAMAR BENNETT, p/k/a "YFN LUCCI"; RAKIM HASHEEM ALLEN, p/k/a "PnB ROCK"; JUNE JAMES; and THINK IT'S A GAME RECORDS, INC., a Delaware Corporation<br><br>Defendants. | Case No. 18-CV-01064-CAP<br><br>Hon. Judge Charles A. Pannell, Jr. |

## JOINT STATUS REPORT

Pursuant to the Court's November 7, 2022 Order [Dkt. 153], Plaintiff, Anthony Campbell p/k/a "Rackboy Cam" ("Campbell"), and Defendants Rakim Hasheem Allen[1] p/k/a "PnB ROCK" ("Allen"), and June James ("James") respectfully submit this Joint Status Report.

---

[1] Defendant Allen is recently deceased. His undersigned counsel has not yet been informed of his estate's administrator but nevertheless joins in this Joint Status Report through a special appearance and preserves Allen's (or his estate's) challenges to service and personal jurisdiction.

1

I.      **Plaintiff Campbell's and Defendant Allen's Position**

Plaintiff filed suit in March of 2018 asserting an action for copyright infringement in violation of 17 U.S.C. § 106 (exclusive rights in copyrighted works) and 17 U.S.C. § 501 (infringement of copyright). [Dkt. 1.] Campbell filed a First Amended Complaint on July 6, 2018. [Dkt. 32.]

Campbell asserts that both the Complaint and the First Amended Complaint were served on Allen and James. As set forth in his motion to set aside, Allen denies that he was served with either of the complaints. [Dkt. 135.]

The Court entered Default Judgment on the First Amended Complaint as to both James and Allen jointly and severally. [Dkt 130.] James appealed to the Eleventh Circuit. Allen filed a motion with this Court to set aside the default, arguing that he was never served with process in this action. [Dkt. 135.] The Court deferred ruling on Allen's motion until after a ruling from the Eleventh Circuit on James's appeal. [Dkt. 140.]

The Eleventh Circuit has now ruled on the Appeal, vacating the default judgment, and remanding the case to this Court for further proceedings (*Campbell v. Bennet*, 47 F.4th 1362 (11th Cir. 2022). Campbell and Allen agree there are three issues that require attention at this stage:

### A. The Death of Rakim Hasheem Allen

Tragically, Allen was the victim of a robbery and shooting on September 12, 2022 that resulted in his death. The parties discussed the substitution of his estate as a party to the action. However, there remains an open issue as to the appropriate identity of the estate and its representative(s), and the identity of any additional or alternative counsel for the estate that may be required in this action. Campbell and Allen agree that it would be helpful for the Court to set a reasonable deadline for Allen to be properly replaced (substituted) by his Estate and for the Estate's representative to enter an Appearance in the case.

### B. Allen's Motion to Set Aside Default

The Court deferred ruling on Allen's motion to set aside default, pending a ruling from the Eleventh Circuit on James' appeal. [Dkt. 140.] Allen filed the Motion, [Dkt. 135], and a Reply. [Dkt. 138.] Campbell responded to the motion. [Dkt. 136.] Campbell and Allen agree that supplemental briefing on the effect (if any) of Allen's death, the Eleventh Circuit opinion, and any intervening law that may have come to existence since May 5, 2021 when the briefing concluded, may assist the Court in resolving the pending motion.

### C. Effect of the Eleventh Circuit's Ruling

The Eleventh Circuit's Opinion concluded with a the vacatur of the default judgment and remand for further proceedings. Judge Lagoa included a concurring opinion wherein she raised questions she feels should be addressed by the District Court. Campbell and Allen agree that the Court may benefit from supplemental briefs from the parties to address how the Eleventh Circuit's ruling affects this case, and how the parties believe the Court should proceed.

### II.     Defendant James' Position

James disagrees with Plaintiff's and Defendant Allen's recapitulation of the facts provided herein as they are selective and contain an unfounded assertion that is contradictory to the finding of the Court of Appeals.

### A. Effect of the Court of Appeals Order

On September 7, 2022, the U.S. Court of Appeals for the Eleventh Circuit issued an order vacating the default judgment against James and remanded this matter back to the District Court for further proceedings consistent with its order. To date the parties have been unable to agree on the plain meaning of the order issued by the appellate court and therefore and are unable to agree on how to proceed with litigation with this court.

The Court of Appeals has clearly found that the service of the Amended Complaint was required in order for it to be the basis of the default judgment. [Dkt. 148.] The Court expressly stated that the Amended Complaint stated a new claim for relief and service was required. [Dkt. 148.] As an entry of default on the initial complaint had been entered against James prior to the creation and filing of the Amended Complaint, the new relief required personal service upon James, which is not found in the docket at any point. Thus, not only would any further briefing or reconsideration of that point contradict the order from the Court of Appeals, it would also cause an unnecessary delay in the litigation of this claim and an undue hardship to James. Therefore, based upon the findings of the Court of Appeals, this litigation can only proceed in one of two ways: 1) Proceed with default under the initial complaint, which would require Campbell to resubmit his request for default judgment, since this judgment was based on the Amended Complaint and has been vacated; or 2) require Campbell to properly serve the defendants in this action the Amended Complaint.

**B. Allen's Pending Motion to Set Aside Default**

On April 7, 2021, Allen filed a motion to set aside default that is currently pending before this court. [Dkt. 135.] The issue was fully briefed by Allen and Campbell. [Dkt. 136, Dkt. 138.] However, the Court deferred ruling on the motion

pending the outcome of James' appeal. [Dkt. 140.] As James' appeal has been resolved and the matter has been returned to the court for further adjudication, James believes that the court is now able to rule on the motion to set aside default.

### C.     Substitution of Rakim Hasheem Allen

On September 23, 2022, counsel for Allen filed a Suggestion of Death as he was killed earlier that month. [Dkt. 149.] To date, a substitution has not been made in respect to Allen. James is in agreement that this is an outstanding issue to be addressed accordingly.

## III.    Mediation

Respecting the Court's inquiry as to whether mediation may be fruitful, Campbell and Allen believe that mediation may be fruitful with respect to Allen/Allen's estate once the appropriate representatives are identified and have entered an appearance. Campbell does not believe that mediation with James would be useful at this time.

James believes that further guidance from the court on the outstanding issues is necessary before James can assess the prospects of mediation.

Respectfully submitted this 5th day of December, 2022.

        */s/ Lauren M. Gregory*
Lauren M. Gregory
Georgia Bar No. 729061
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309
(404) 704-9657
lgregory@seyfarth.com

and

Matthew De Preter (admitted *Pro Hac Vice*)
ARONBERG GOLDGEHN
330 N. Wabash Ave, Suite 1700
Chicago, IL 60611
(312) 755-3161
cdepreter@agdglaw.com

***Attorneys for Plaintiff Anthony Campbell, p/k/a "Rackboy Cam"***


*/s/ Dana M. Stith-Gray*
Dana M. Stith-Gray
Georgia Bar Number 104608
STITH GRAY, LLC
3330 Cumberland Blvd
Suite 500
Atlanta, GA 30339
(770) 854-0823
Dana@StithGray.com

***Attorney for Defendant June James***

/s/ *Hayden R. Pace*
Hayden R. Pace
Georgia Bar No. 558595
STOKES WAGNER, ALC
One Atlantic Center, Suite 2615
1201 West Peachtree Street, N.W.
Atlanta, GA 30309
(404) 766-0076
hpace@stokeswagner.com

***Counsel for Defendant Rakim H. Allen***

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), counsel certifies that the foregoing **Joint Status Report** was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1(C).

*/s/ Lauren M. Gregory*
Lauren M. Gregory
Georgia Bar No. 729061
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, GA 30309
(404) 704-9657
lgregory@seyfarth.com

***Attorney for Plaintiff Anthony Campbell, p/k/a "Rackboy Cam"***

**CERTIFICATE OF SERVICE**

The undersigned, an attorney representing Plaintiff, hereby certifies that she caused a true and correct copy of the foregoing **Joint Status Report** to be electronically filed with the Clerk of the United States District Court for the Northern District of Georgia by filing through the CM/ECF system on December 5, 2022.

>*/s/ Lauren M. Gregory*
>Lauren M. Gregory
>Georgia Bar No. 729061
>SEYFARTH SHAW LLP
>1075 Peachtree Street, N.E., Suite 2500
>Atlanta, GA 30309
>(404) 704-9657
>lgregory@seyfarth.com
>
>***Attorney for Plaintiff Anthony Campbell, p/k/a "Rackboy Cam"***